## SHEFFIELD VILLAGE

### v.

### PORTMAN.█

Avon Lake Municipal Court.

No. 99TRD00168.

Decided April 14, 1999.

*Thomas J. Portman, pro se.*

JOHN F. MACKIN, Judge.

The officer observed defendant Thomas J. Portman's vehicle for five minutes in front of a supermarket, not only within yellow lanes marked "fire lane" but also by a posted sign that read "No Parking–Fire Lane." The defendant was seated in the driver's seat and the motor of the vehicle was running.

The defendant was cited for a violation of Sheffield Village Ordinance 351.03, which is similar to R.C. 4511.68. The ordinance reads:

"No person shall stand or park a * * * vehicle * * *:

" * * *

"(N) At any place where signs prohibit stopping, standing or parking, or where the curbing or street is painted yellow. * * * "

The defendant maintains that because he was seated in a vehicle with the motor running, the vehicle was standing and thereby the sign that reads "No Parking–Fire Lane" does not apply.

The defendant relies upon *State v. Boyd* (1990), 61 Ohio Misc.2d 811, 585 N.E.2d 582. The semantics being applied to argue about what is stopping, standing, and parking have become absurd.

This court states that in its view the foregoing law was attempting to avoid sematics by inclusion—if the language says vehicle "stopping, standing or parking," what else can there be other than "sitting"? As far as there being no definitions of "stand," "park," or "stopping" in the Revised Code, why should there be? They are all commonly understood words.

Auto manufacturers for years have designated "park" on the gear shift. It has made no difference to the definition of "park" that the motor is running. "Park" depends more on the time element than on the motor running or the geographic area. "Standing" a vehicle may be a carryover from the horse-and-buggy days, but it is not within today's understanding of the language for defendant to maintain he was "standing" his vehicle. A "stop" is a common word that is understood by even a child. The issue could be, When does the stopping last long enough to become parking? Rather than constantly arguing the point, the linguists simply wrote "no stopping." The approach of prohibiting all stopping, standing, or parking in a fire lane is reasonable. Therefore, stopping or parking in a marked "Fire Lane" is a violation even without any sign. The defendant also argues that the "sign" must state the specific violation and the sign in question prohibited only parking.

Stopping is the starting point of parking. Thus, when a sign reads "No Parking," a driver would be guilty for a stop that becomes a "park." The defendant was not only "stopped" in the firelane, a violation, he was also "parked."

Defendant is found guilty of the charged violation.

*Defendant found guilty.*